UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC RODNEY HILL, | ) | |
|       Petitioner | ) ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-00181 (UNA) |
| DISTRICT OF COLUMBIA, | ) ) ) ) | |
|       Respondent. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's petition for writ of habeas corpus, ECF No. 1, pursuant to 28 U.S.C. § 2254, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case. Petitioner has also filed a motion for preliminary hearing, ECF No. 3, first motion to expedite procedure, ECF No. 4, motion to issue subpoena, ECF No. 5, and second motion to expedite and for appointment of counsel, ECF No. 6, all of which are unsigned, *see* Fed. R. Civ. P. 11(a). The pending motions will be denied as moot.

Petitioner challenges the constitutionality and general legitimacy of criminal charges, proceedings, trial, and the resulting conviction and sentence, held before the Superior Court of the District of Columbia. He demands that this court vacate his conviction and immediately release him from custody.

First, as a general rule, applicable here, this court lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals, a fact which petitioner seems to acknowledge.

Second, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Although petitioner discusses, in passing, his challenges in pursuit of an appeal, he does not address any efforts that he has made in pursuit of post-conviction relief pursuant to § 23-110, let alone established that the remedy was inadequate or ineffective.

For these reasons, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

Date: February 10, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge